Mr. Justice MILLER
delivered its opinion.
The petitioner does not show that he has such .an interest in the matter as would justify the court to permit him to interfere. He describes himself as equitable owner of certain bonds made by the La Crosse and Milwaukie Railroad Company. These bond's were secured by a mortgage; and it was in a suit brought to foreclose that mortgage that the salé was had of which he complains. The owner of these bonds, while the foreclosure proceedings were in progress, was Weed, who had deposited them with, the agents of a company, which proposed to use them in buying the said road, at’ the sale under the decree of' foreclosure. These agents -were invested by Weed with an absolute and full power to use the bonds in any manner, so that no money was required of Weed towards the purchase. The sale was made, and the road, purchased as proposed. These bonds were used in the purchase. The sale was confirmed by the District Court and the purchasers placed in possession. Long, after all this was done, as the petitioner alleges, by purchase from Weed he became the equitable owner of the bonds. Who was the legal owner, and what were the relative rights of the equitable and legal owners, or how any one could be the owner when the bond had been cancelled or absorbed in paying for the road, we are not informed.
We deem it sufficient to say that the petitioner, who had no interest in the matter at the time of. the sale and confirmation, shows no right now to disturb what the parties who were interested have acquiesced in.
Motion overruled.

 See supra, p. 609, Minnesota Company v. St. Paul Company.