69 U.S. 759
 17 L.Ed. 924
 2 Wall. 759
 EX PARTE FLEMING.
 December Term, 1864
 
 THE La Crosse and Milwaukie Railroad Company, a railroad company of Wisconsin, had mortgaged its road and other property to secure certain negotiable bonds which it had issued. The bonds not being paid, a bill of foreclosure was filed in the District Court of the United States for the Wisconsin district, the only Federal court then in that State, and which court had at that time Circuit Court powers. The railroad, &c., was sold by the marshal, who reported his sale to the District Court. The sale was confirmed by that court and the purchaser placed in possession.
 About the time, however, when this report and confirmation was made, Congress passed certain acts establishing a Circuit Court for the Wisconsin district, transferring to the new tribunal, with certain reservations and limitations, the powers which had previously been exercised by the District Court. The extent, however, of the reservations and limitations above referred to was a matter not absolutely above question. However, this court, in a case decided at the last term, in reference to a part of the same suit now brought forward, had adjudged that the reservations and limitations were not of as extensive operation as was then contended by counsel that they were, and that certain orders made by the District Court in this same proceeding were void; the right to make them having passed by the acts of Congress to the new tribunal.*
 In this state of enactments and decision on them, one Fleming, conceiving that the right to confirm or set aside the sale above mentioned, had also passed to the Circuit Court, petitioned that court for an order on the marshal to report to it the sale which had been made by that officer under the decree of the District Court.
 He set forth in his petition that he was the equitable owner of certain of the bonds (describing them by number), to secure which the company had made its mortgage; which bonds he showed that he had bought of one H. G. Weed.
 It appeared, however, by documents which he annexed to his petition and referred to, that when the La Crosse and Milwaukie Railroad was about to be sold under the decree of foreclosure, a number of its creditors formed themselves into a consociation, with a view of buying it in, and of reorganizing the road with a new name, that of the Milwaukie and St. Paul Railway. These creditors, acting for themselves and all who should become 'assentents,' and making in writing a scheme of reorganization, to which other creditors might assent,—appointed certain persons, Seymour and others, to act as agents and trustees in the whole matter of all persons who chose to deliver their bonds to them for use in the contemplated purchase. This scheme of reorganization made Seymour and the others agents of all the 'assentents,' giving them power 'to do any and all things which they deem for the benefit of the holders as fully as they might do if personally present;' and authorizidng them 'in relation to all matters, exigencies and things not herein specifically provided for to exercise a liberal discretion, except to oblige us personally for the payment of money.'
 Weed was an 'assentent,' and deposited his bonds, getting in return a certificate of interest in the embryo Milwaukie and St. Paul Railway Company. The La Crosse and Milwaukie was sold under the decree of foreclosure. The agents, &c., purchased it, and it was now reorganized as the St. Paul and Minnesota Railway Company; the managers of that company being put, on confirmation of the sale, into possession of the road. All this, as it was to be collected from Fleming's petition and the documents annexed to it, was prior to his purchase of the bonds from Weed. In fact, the date of his purchase, as stated by him (September 26, 1863), was after the marshal's sale and the confirmation by the District Court.
 Being dissatisfied with the sale as made by the marshal and confirmed by the District Court, Fleming petitioned the Circuit Court for the order as already mentioned. That court refused the order.
 Mr. Carpenter, counsel of Fleming, now moved this court for a mandamus to the judges of the Circuit Court, commanding them to make such a rule on the marshal as had been prayed for and refused. The application to this court set forth that the marshal had sold, or pretended to sell, property belonging to another road, and not decreed to be sold, and that the District Court had pretended to confirm the same; but alleged that the District Court had no jurisdiction over the cause for any purpose whatever, the cause having been transferred to the Circuit Court; that the pretended confirmation of the sale was void; that the sale remained, therefore, in law unconfirmed; and that no steps could be taken to complete the foreclosure of the mortgage and protect the rights of the petitioner as a holder of bonds secured by the mortgage, except by having said sale reported, as it ought to be, to the Circuit Court.
 Mr. Cowdrey, as amicus curiae, submitted a brief, suggesting that no proper interest was shown in Fleming to have what he asked for even if he had merits in fact; and arguing that, for various reasons which he set forth, no merits could exist; a matter, however, this last one, which the court, disposing of the case in limine, did not touch.
 Mr. Justice MILLER delivered its opinion.
 
 
 1
 The petitioner does not show that he has such an interest in the matter as would justify the court to permit him to interfere. He describes himself as equitable owner of certain bonds made by the La Crosse and Milwaukie Railroad Company. These bonds were secured by a mortgage; and it was in a suit brought to foreclose that mortgage that the sale was had of which he complains. The owner of these bonds, while the foreclosure proceedings were in progress, was Weed, who had deposited them with the agents of a company, which proposed to use them in buying the said road, at the sale under the decree of foreclosure. These agents were invested by Weed with an absolute and full power to use the bonds in any manner, so that no money was required of Weed towards the purchase. The sale was made, and the road purchased as proposed. These bonds were used in the purchase. The sale was confirmed by the District Court and the purchasers placed in possession. Long after all this was done, as the petitioner alleges, by purchase from Weed he became the equitable owner of the bonds. Who was the legal owner, and what were the relative rights of the equitable and legal owners, or how any one could be the owner when the bond had been cancelled or absorbed in paying for the road, we are not informed.
 
 
 2
 We deem it sufficient to say that the petitioner, who had no interest in the matter at the time of the sale and confirmation, shows no right now to disturb what the parties who were interested have acquiesced in.
 
 
 3
 MOTION OVERRULED.**
 
 
 
 *
 Bronson v. La Crosse Railroad Company, 1 Wallace, 405, where the acts of Congress, &c., may be seen.
 
 
 **
 See supra, p. 609, Minnesota Company v. St. Paul Company.